```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION

TOKAY AUTO REMARKETING &
LEASING, INC.,

         Plaintiff,
v.                                Case No. 8:11-cv-2863-T-33MAP

HULL & COMPANY, INC. and OSPREY
SPECIAL RISKS LIMITED,

         Defendants.
_____/
```

**<u>ORDER</u>**

This cause is before the Court pursuant to Plaintiff's Motion to Remand (Doc. # 11), filed on January 20, 2012. On February 3, 2012, Defendant Osprey Special Risks Limited filed a Response in Opposition to Plaintiff's Motion to Remand (Doc. # 15), and Defendant Hull & Company, Inc. filed a Joinder to Defendant Osprey's Response (Doc. # 16).

Also before this Court is Hull's Motion to Dismiss Amended Complaint with Prejudice (Doc. # 4), filed in state court on December 19, 2011. Hull filed its Brief in Support of Motion to Dismiss (Doc. # 12) pursuant to Local Rule 4.02(c) on January 27, 2012. Tokay filed its Response in Opposition to Defendant Hull & Company, Inc.'s Motion to Dismiss (Doc. # 17) on February 10, 2012.

For the reasons that follow, Tokay's Motion to Remand is denied; this Court finds that it has admiralty or maritime

jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1). Hull's Motion to Dismiss is granted to the extent that the claims against Hull are dismissed without prejudice.

I. **Background**

This matter arises from the theft of a 28' Mastercraft pleasure boat, hull identification No. MBCXSSE9F, at some time during the 2011 Fourth of July weekend. (Doc. # 2 at ¶¶ 6, 16). Tokay states that the vessel was parked at the Days Inn Crystal River, a facility that describes itself as a marina and has boat parking and other amenities. (Id. at ¶¶ 12-13). A Days Inn Crystal River representative advised Tokay as to where to park the vessel; Tokay parked it in the designated boat parking area and placed a lock on the trailer. (Id. at ¶¶ 14-15). The vessel was stolen from that area and, to date, has not been recovered. (Id. at ¶ 16).

Tokay had entered into an insurance contract, allegedly with both Defendants, covering the vessel for a period of one year beginning January 28, 2011. (Id. at ¶ 6). After the boat was stolen, Tokay filed an insurance claim pursuant to Coverage A of the policy, which covers theft. (Id. at ¶ 18). Osprey denied the claim pursuant to Exclusions to Coverage A, which excludes theft coverage unless the vessel is "situated in a locked and fenced enclosure or marina and there is

visible evidence of forcible entry and or removal made by tools, explosives, electricity or chemicals." (Id. at ¶ 1). A copy of the denial letter is attached as Exhibit 1 to the Motion to Remand. (Id. at 11). Osprey denied the claim because there was no evidence of forcible removal and the vessel was not parked in a locked and fenced enclosure or a marina as required by the insurance policy. (Id.).

Tokay filed suit against Hull and Osprey in the Circuit Court of the Thirteenth Judicial Circuit in and for Pinellas County, Florida, on October 11, 2011, and filed its Amended Complaint in that court on November 18, 2011. Tokay seeks declaratory judgment against Hull (Count I) and Osprey (Count III), alleging that the policy is ambiguous as to the nature of a "marina" as described in the policy exclusions. Tokay further asserts claims for breach of contract against Hull (Count II) and Osprey (Count IV) on grounds that Defendants breached the insurance agreement by failing to pay the claim.

Osprey removed the case to this Court on December 30, 2011, asserting that the insurance contract at issue is a maritime contract giving rise to this Court's admiralty or maritime jurisdiction. (Doc. # 1). Hull filed its Notice of Consent to Removal (Doc. # 5) on January 6, 2012. Tokay moves to remand, arguing that Osprey has not met its burden of

3

establishing that this matter involves a maritime contract. (Doc. # 11 at ¶ 2).

In its Motion to Dismiss, Hull asserts that it is not a party to the insurance contract at issue in this case but rather served as Tokay's agent in procuring the policy. (Doc. # 12 at 4). Tokay points to certain elements of the policy and related documents, attached as Exhibit A to the Amended Complaint, that suggest Hull is a party to contract. In any event, Tokay asserts that the policy does not identify Hull as an agent or broker. (Doc. # 17 at 3-4).

## II. **Legal Standard**

### A. **Removal**

A defendant may remove a case filed in state court to federal court if "the district courts of the United States have original jurisdiction." Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing 28 U.S.C. § 1441(a)). Such jurisdiction is established by statute. Pursuant to 28 U.S.C. § 1333(1), this Court has original jurisdiction, over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

In removal cases, the burden of proving any jurisdictional fact rests upon the defendant. Pease, 6 F.

4

Supp. 2d at 1356. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's burden of proof is therefore a heavy one. Id.

### B. Motion to Dismiss

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). "A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). "In the case of a pro se action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." Id.

5

However, the Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that its Rule 12(b)(6) analysis is confined to the four corners of the Complaint. The Court may consider the various exhibits attached to the Complaint without converting the Motion to Dismiss into one for summary judgment pursuant to Federal Rule of Civil Procedure 12(d).

**III. Analysis**

Because questions of jurisdiction must be resolved before this Court can properly address substantive claims, the Court will first analyze Tokay's challenge to this Court's admiralty

6

jurisdiction. The Court will then proceed to analyze the issues raised in Hull's Motion to Dismiss.

### A. Motion to Remand and Admiralty Jurisdiction

"Admiralty jurisdiction extends to matters of contract where the nature, character and subject matter of the contract relates to maritime service or maritime transactions." F.W.F., Inc. v. Detroit Diesel Corp., 494 F. Supp. 2d 1342, 1352 (S.D. Fla. 2007) (discussing N. Pac. S.S. Co. v. Hall Bros. Marine Ry. & Shipbuilding Co., 249 U.S. 119, 122-29 (1919)). "For an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime." Terra Nova Ins. Co., Ltd. v. Acer Latin Am., Inc., 931 F. Supp. 852, 855 (S.D. Fla. 1996) (quoting Royal Ins. Co. of Am. v. Pier 39 Ltd. P'ship, 738 F.2d 1035, 1036 (9th Cir. 1984)).

Here, there is no doubt that the interest insured -- a pleasure boat -- is maritime in nature. Nonetheless, Tokay argues that "the case should not be removed to Federal Court simply because the insuring agreement involves a boat." (Doc. # 11 at 5). Tokay contends that this case has nothing to do with maritime service such as vessel repair or maritime transactions such as the carriage of goods; instead, it involves the theft of a boat sitting on a trailer in a parking

7

lot. Furthermore, Tokay argues that the insurance contract involves a mix of maritime and non-maritime elements because it provides coverage while the boat is on navigable waters and while it is on a trailer.

Tokay asserts that admiralty jurisdiction ordinarily is denied to mixed contracts unless the non-maritime portion can be separated from the maritime portion. While that is a true statement of law, it references only one of two exceptions to the general rule. See Terra Nova Ins., 931 F. Supp. at 856 (internal quotations and citation omitted) (noting that there are two exceptions to the rule that admiralty jurisdiction is "generally denied" to mixed contracts). The other exception provides that "admiralty jurisdiction will encompass the entire contract where the non-maritime elements are merely 'incidental' in an otherwise maritime contract." Id. (internal quotations and citation omitted).

In Sirius Insurance Co. v. Collins, 16 F.3d 34 (2d Cir. 1994), the Second Circuit concluded that the provisions of an insurance policy covering theft of a boat while on land are incidental to an otherwise maritime contract:

> There are few objects -- perhaps none -- more essentially related to maritime commerce than vessels. They have no utility on land; they are taken ashore solely to make or keep them fit for use in the water, or to transport them from one

8

> body of water to another. . . . The risk of theft of boats is an important concern of maritime commerce. And whether theft of the vessel occurs while it is afloat or ashore, the impact of the theft is on maritime commerce. Policies providing insurance covering such theft relate importantly to the protection of maritime commerce.

Id. at 37. This Court is persuaded by that analysis. The Court therefore finds that the insurance policy at issue is a maritime contract, and that the provisions related to the theft of the boat while on land are incidental to that contract. Thus, this Court has admiralty or maritime jurisdiction and accordingly denies the Motion to Remand.

**B.   Hull's Motion to Dismiss**

Tokay seeks declaratory judgment and asserts a claim for breach of contract against Hull. Hull contends that these claims must be dismissed because Hull is not a party to the insurance contract and is not authorized to pay a claim under the contract.

The insurance policy attached as Exhibit A to the Amended Complaint states, "This is a legally binding insurance contract between you and us." (Doc. # 2 at 11). The Definitions section of the policy states that "you" refers to the "insured named on the declaration page" and "us" refers to the "insurers named on the declaration page or accompanying schedule of insurers." (Id. at 10). Hull contends that "us" in

9

this instance refers to Osprey, not Hull. (Doc. # 12 at 3). An insurance agent who is not a party to an insurance contract has no authority to pay on the policy. <u>Underwood Anderson & Assocs., v. Lillo's Ital. Rest., Inc.</u>, 36 So. 3d 885, 888 (Fla. 1st DCA 2010).

Tokay points out that "there is no declaration page or schedule of insurers contained within the Amended complaint or its Exhibits." (Doc. # 17 at 3). What Tokay did include within the Exhibits is a cover sheet with Hull's name at the top, and a Policy Schedule naming Hull as "Assured's Agent." (Doc. # 2 at 8-9). As Hull notes, however, these documents are not part of the insurance agreement. Furthermore, a careful reading of these documents leads the Court to conclude that Hull acted as Tokay's agent and not as an insurer. Tokay's failure to include the policy declarations page within the Exhibits does not make Hull a party to the insurance contract.

Tokay repeatedly reminds the Court that its claims must be taken as true. However, "[i]n evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in plaintiff's favor but we are not required to draw plaintiff's inference." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotations and citation omitted). The Court finds that Tokay has failed to establish that Hull

10

is a party to the insurance contract. Therefore, its claims against Hull must be dismissed for failure to state a claim upon which relief may be granted. The question that remains is whether those claims should be dismissed with or without prejudice.

Hull argues that, if the Amended Complaint states a claim against Hull, such claims should be dismissed without prejudice as premature pursuant to Blumberg v. USAA Casualty Insurance Co., 790 So. 2d 1061 (Fla. 2001). However, Blumberg involved a negligence cause of action against an insurance agent; the Florida Supreme Court held that such a claim accrues at the conclusion of a related or underlying proceeding. Id. at 1065. This matter, in contrast, involves claims for declaratory judgment and breach of contract against Hull. The Court sees no reason why Tokay's claims against Hull would accrue once the related claims against Osprey are resolved.

Nonetheless, the Court finds it appropriate to dismiss the claims against Hull without prejudice. In its Response to the Motion to Dismiss, Tokay states that it is in the process of requesting leave to amend to include additional parties and allegations, and that it would ask for leave to amend its complaint as to Hull. (Doc. # 17). In light of that, and at

11

this stage of the proceedings, the Court grants Hull's Motion to Dismiss without prejudice.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED**:

(1) Plaintiff's Motion to Remand (Doc. # 11) is **DENIED.**

(2) Defendant Hull & Company's Motion to Dismiss Amended Complaint with Prejudice (Doc. # 4) is **GRANTED** to the extent that the claims against Hull are dismissed without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of May, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel of Record

12